**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ALYNA EAST HOTEL MANAGEMENT, | § | |
| LLC D/B/A SUPER 8 MOTEL | § | |
| | § | |
| Plaintiff, | § | |
| V. | § | NO. 1:20-CV-660-LY |
| | § | |
| AMGUARD INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE LEE YEAKEL
SENIOR UNITED STATES DISTRICT JUDGE:

Before the court are Defendant AmGuard Insurance Company's Motion for Summary Judgment (Dkt. #25), Plaintiff Alyna East Hotel Management, LLC's Response (Dkt. #29), Defendant's Reply (Dkt. #32), and Plaintiff's Sur-Reply (Dkt. #35).[1]  After reviewing the entire case file and relevant case law, the undersigned issues the following Report and Recommendation to the District Court.

I.     **GENERAL BACKGROUND**

In the instant action, Plaintiff Alyna East Hotel seeks recovery based on claims related to alleged property damage to one of Plaintiff's hotels which occurred on or about April 1, 2017.  *See* Dkt. #23 at ¶¶ 4-5.  The record indicates that Plaintiff was party to an insurance policy issued by Defendant AmGuard Insurance Company ("the Policy"), and that on April 6, 2017, Defendant received Plaintiff's notice of loss and sent Plaintiff a Claim Acknowledgement. Dkt. #25-1 at ¶ 4.

---

[1] These motions were referred by the District Judge to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.  Dkt. #31.

Based on the nature of the alleged loss—a dip in the floor and shifting beams in two rooms—Defendant retained Rimkus Consulting Group ("Rimkus") to perform an inspection of the alleged property damage.  Dkt. #25-1 at ¶¶ 5-6.

Based on the inspection report provided by Rimkus, Defendant determined that there was no coverage under the Policy for the loss asserted by Plaintiff.  *Id*. at ¶ 6.  In a letter dated May 16, 2017, Defendant notified Plaintiff of its denial of coverage (the "Denial Letter").  Dkt. #25-1 at p. 123.  The Denial Letter specifically referenced the exclusions on which it based its determination and also quoted the "two years and one day" limitations provision included in the Texas Changes endorsement to the Policy.  *Id*.; *see* Dkt. #25-1 at p. 55 § B(2).  Approximately three months later, on August 18, 2017, Plaintiff sent Defendant an email in which Plaintiff confirmed its receipt of the Denial Letter and stated that Plaintiff disputed the decision.  Dkt. #25-1 at p. 127.  Plaintiff's email further indicated that it had engaged its own consulting group, A-1 Engineering, LLC ("A-1") to complete an independent assessment of the property damage.  *Id*.  Attached to the email was a "Repair Plan" prepared by A-1, stating the intent to replace the damaged building components.  *Id*.; *see also* Dkt. #25 at p. 5.

More than two years passed during which Defendant made no payments to and heard nothing from Plaintiff with regard to the denied claim or the Policy.  On September 11, 2019, Defendant received a letter from the Law Office of Steven J. Medina, stating that he was the attorney for Plaintiff and reiterating Plaintiff's dispute of Defendant's decision to deny coverage.  Dkt. #25-1 at p. 135.  The September 2019 letter from Plaintiff's counsel additionally enclosed copies of Plaintiff's August 18, 2017 email disputing Defendant's denial of coverage and the A-1 Repair Plan.  *Id*.; Dkt. #25 at 2.

Plaintiff filed its original petition in state court on May 21, 2020, alleging breach of contract as well as multiple causes of action under the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") and the Texas Insurance Code.  Dkt. #1-1.  After removing the suit to federal court on the basis of diversity, on January 22, 2021, Defendant filed its first motion for summary judgment.  Dkt. #9.  Plaintiff requested leave to amend, which the court granted on March 9, 2021, and Defendant's first motion for summary judgment was dismissed without prejudice. Dkt. #17.  Plaintiff filed its Amended Complaint on June 1, 2021 (Dkt. #23), and the following day, Defendant filed its second Motion for Summary Judgment (Dkt. #25).  With the instant motion, Defendant asserts that it is entitled to summary judgment on all of Plaintiff's purported causes of action arguing that the contractual limitations period of two-years and one-day applies to all of Plaintiff's claims and thus bars Plaintiff's entire suit.  *See* Dkt. #25.

## II.   LEGAL STANDARD

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When seeking summary judgment on an affirmative defense, such as claims being barred by a statute of limitations, the movant "must establish beyond peradventure" each essential element of the defense.  *Fontenot v. Upjohn Co*., 780 F.2d 1190, 1194 (5th Cir. 1986); accord *Hagan v. Mazda Motor Co. of Am., Inc.,* 690 F. App'x 242, 243 (5th Cir.

2017) (per curiam) ("Under Texas law, a defendant moving for summary judgment on an affirmative defense must irrefutably establish its elements.").

When considering a motion for summary judgment, courts view all facts and reasonable inferences drawn from the record "in the light most favorable to the party opposing the motion." *Heinsohn v. Carabin & Shaw, P.C.*, 832 F.3d 224, 234 (5th Cir. 2016) (citation omitted). Once the movant has carried the burden to establish that "claims are time-barred as a matter of law," the burden shifts to the non-movant to establish a genuine dispute of material fact on the timeliness of asserted claims. *Dommert v. Raymond James Fin. Servs., Inc.*, 2009 WL 275440, at *8 (E.D. Tex. Feb. 3, 2009). With this shifting burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S.Ct. 1348. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Heinsohn*, 832 F.3d at 234 (citation omitted). Additionally, the courts have "no duty to search the record for material fact issues." *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); accord *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

## III. ANALYSIS

In general, the parties agree on the facts and timeline presented. Based on those facts and timeline, the court must determine, as a matter of law, when Plaintiff's claims accrued and whether they are untimely under the applicable statutes of limitations. Such determination may include considering Plaintiff's assertions of avoidance theories such as the discovery rule, fraudulent concealment, and equitable and promissory estoppel.

### A.  Applicable Limitations Periods

Limitations periods establish "a reasonable time within which suit must be filed" and "protect against stale claims and diminish the prospect that a case's resolution will be impaired by loss of evidence, death or disappearance of witnesses, fading memories, or disappearance of documents." *Sheppard v. Travelers Lloyds of Tex. Ins. Co*., 2009 WL 3294997, at *2 (Tex. App.— Houston [14th Dist.] Oct. 15, 2009, pet. denied) (citing *Murray v. San Jacinto Agency, Inc*., 800 S.W.2d 826, 828 (Tex. 1990)).

Although contract actions in Texas are typically governed by a four-year statute of limitations, *see* TEX. CIV. PRAC. & REM. CODE § 16.004, an insurer may limit through contractual provisions the time for filing suit.  *See Sheppard*, 2009 WL 3294997, at *2.  Such provisions in insurance policies are valid and enforceable, so long as the policy does not create a limitations period shorter than two years. *Id*.; *Bazile v. Aetna Cas. & Sur. C*o., 784 S.W.2d 73, 74 (Tex. App.— Houston [14th Dist.] 1989, writ dism'd).

As noted above, the Texas Changes endorsement incorporated into the Policy provides that "[n]o action shall be brought against [Defendant] unless there has been compliance with the policy provisions and the action is started within two years and one day after the cause of action accrues." Dkt. #25-1 at p. 55, § B(2).  In its response to Defendant's Motion for Summary Judgment on Limitations, Plaintiff attempts argue that the Texas Changes endorsement to the Policy was "not delivered" to Plaintiff and thus does not apply to its claims.  Dkt. #29 at ¶¶ 2, 14.  As Defendant notes in its reply, Plaintiff's argument regarding delivery ignores the fact that Defendant clearly incorporated the Texas Changes endorsement into the Policy.  *See* Dkt. #32 at 8-10; Dkt. #25-1 at 7 (the Declaration and Policy Information page stating, "This policy consists of the Coverage Forms listed on the Schedule of Forms and Endorsements," followed by a Schedule which

expressly includes the Texas Changes endorsement).  The Texas Supreme Court has "long held insurance policies can incorporate limitations on coverage encompassed in extrinsic documents by reference to those documents." *Exxon Mobil Corp. v. Ins. Co. of State of Pa.*, 568 S.W.3d 650, 657 (Tex. 2019); *see also Brown v. Federated Cap. Corp.*, 991 F. Supp. 2d 857, 861 (S.D. Tex. 2014) ("[A] party may be bound by an agreement even in the absence of actual delivery of the agreement, provided that the party manifests an intent through his or her actions and words that the contract become effective.").

Because the Policy clearly manifests the intent to include the Texas Changes endorsement as part of the Policy, and because Plaintiff manifested an intent that the Policy become effective by tendering its claim under the Policy and further by filing suit against defendant based on the Policy, the two-year and one-day limitations period set forth in the Policy is applicable in this case. *See Ruelas v. State Farm Lloyds*, 2012 WL 13059192, at *2 (S.D. Tex. July 6, 2012). Accordingly, Plaintiff's breach of contract claim is subject to the contractual "two-year and one-day" limitations period set forth in the Policy.

Meanwhile, the Texas Insurance Code and Civil Practice and Remedies Code each impose two-year limitations periods on claims of unfair insurance practices and breach of the duty of good faith and fair dealing. *See* TEX. INS. CODE § 541.162; *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) ("[A plaintiff's] cause of action for breach of the duty of good faith and fair dealing must be brought within two years of the date on which the cause of action accrued ...") (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)).  Therefore Plaintiff's claims asserted under the Texas Insurance Code and its claims asserting a breach of the duty of good faith and fair dealing are governed by the slightly shorter two-year limitations period.

### B.  Applicable Accrual Date

Determining the date on which an action accrues for limitations purposes—i.e. the date when the limitations period begins to run—is a matter of law for the court to decide at the summary judgment stage.  *See Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 226 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Moreno v. Sterling Drug, Inc.*, 767 S.W.2d 348, 351 (Tex. 1990)). In the insurance context, a cause of action generally accrues on the date of the insurer's denial of the claim or when the insurer notifies the insured of its decision to pay for only a portion of the claim. *See Murray*, 800 S.W.2d at 828 (denial of claim triggers limitations period); *Knott*, 128 S.W.3d at 221 (same); *Wetsel v. State Farm Lloyds Ins. Co.*, 2002 WL 1592665, at *5-6 (N.D. Tex. July 18, 2002) (final partial payment triggers limitation period); *Williams v. Allstate Fire & Cas. Ins. Co.*, 2012 WL 1098424, at *5 (S.D. Tex. Mar. 30, 2012) ("When an insurer sends a letter denying his claim, the insured's causes of action under the [homeowner's] policy usually accrue on the date the letter is sent.").  Such a triggering date applies to Plaintiff's Texas Insurance Code claims, breach of contract claim, and claim for breach of the duty of good faith and fair dealing. *See Campbell v. Tex. Employers' Ins. Ass'n*, 920 S.W.2d 323, 329 (Tex. App.—Houston [1st Dist.] 1995, no writ) (stating that claims under the insurance code and for the breach of duty of good faith and fair dealing "accrue on the date coverage is denied"); *Knott*, 128 S.W.3d at 221 (same); *see Wetsel,* 2002 WL 1592665, at *2, 5-6 (same with respect to claims for breach of contract, insurance code violations, and breach of duty of good faith and fair dealing).

In this case, the summary judgment evidence shows that Plaintiff received Defendant's claim decision—that is the subject of the complaint—via the Denial Letter dated May 16, 2017. *See* Dkt. #25-1 at p. 123.  Plaintiff's Amended Complaint acknowledges that it was on that date that Defendant transmitted its claim decision via the Denial Letter.  Dkt. #23 at ¶ 8.  Plaintiff also

acknowledged the Denial Letter in its August 18, 2017 email to Defendant disputing the decision to deny coverage.  *See* Dkt. #25-1 at p. 127.  Further, a review of the Denial Letter itself demonstrates that the May 16, 2017 communications reflected Defendant's final determination with respect to Plaintiff's claim.  Dkt. #25-1 at a p. 124.  Specifically, the Denial Letter states that "we must respectfully conclude that [the Policy] does not provide coverage for the subject claim." *Id*.  The record clearly indicates that Defendant informed Plaintiff on May 16, 2017 of its determination that Plaintiff's claim would not be covered, and thus, the limitations period with respect to Plaintiff's claims was triggered on that date.

Accordingly, the limitations periods for Plaintiff's Texas Insurance Code claims and claim for the alleged breach of the duty of good faith and fair dealing expired on May 16, 2019 (two years after Defendant's denial of coverage), and the limitations period for Plaintiff's breach of contract claim expired on May 17, 2019 (two-years and one-day after the denial of coverage).  The record shows that Plaintiff did not initiate its suit against Defendant until May 21, 2020 (Dkt. #1-1), therefore Plaintiff's claims are untimely.

### C.  Theories of Avoidance

Because there cannot be any dispute concerning the application of limitations, Plaintiff's Amended Complaint advances three arguments in an attempt to avoid dismissal of its claims as untimely. Plaintiff asserts the avoidance theories of discovery rule, fraudulent concealment, and equitable and promissory estoppel.  Dkt. #23 at ¶¶ 23-25; Dkt. #29 at ¶ 3.

Plaintiff first attempts to rely on the discovery rule.  Dkt. #23 at ¶¶ 18, 23.  The discovery rule "may defer accrual of a cause of action until the plaintiff knew or, by exercising reasonable diligence, should have known of the facts giving rise to a cause of action." *Barker v. Eckman*, 213 S.W.3d 306, 311-12 (Tex. 2006).  The Texas Supreme Court has "restricted the discovery rule to

exceptional cases to avoid defeating the purposes behind the limitations statutes." *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006); *see also S.V.*, 933 S.W.2d at 25 (noting that applications of the discovery rule "should be few and narrowly drawn").

"In order for the discovery rule to apply, the nature of the injury must be inherently undiscoverable and the injury itself must be objectively verifiable." *Barker,* 213 S.W.3d. at 312. "'An injury is inherently undiscoverable if it is, by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence.'" *Via Net.*, 211 S.W.3d at 313-14 (quoting *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734-35 (Tex. 2001)). Whether an injury is inherently undiscoverable "is decided on a categorical rather than case-specific basis." *Id*. at 314. This "approach means [courts] do not determine when a particular injury was actually discovered in any particular case, but rather whether that case is of the type to which the discovery rule applies." *Apex Towing Co. v. Tolin,* 41 S.W.3d 118, 122 (Tex. 2001).

The Fifth Circuit has held that when property damage is obvious, an insured files a claim, an investigation follows, and the insurer sends the insured an unambiguous denial letter, the discovery rule does not apply. *Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 312 (5th Cir. 2019). Each of these events occurred here: Plaintiff alleged obvious property damage, consisting of a dip in the floor and shifting beams in two rooms; (Dkt. #25-1 at p. 127-133); Plaintiff filed an insurance claim. (Dkt. #25-1 at ¶ 4); Defendant investigated the claim (Dkt. #25-1 at ¶¶ 5-6); and Defendant sent Plaintiff an unambiguous Denial Letter (Dkt. #25-1 at p. 123). Thus, the discovery rule does not apply and does not save Plaintiff's untimely filed causes of action. *See Silo Rest. Inc. v. Allied Prop. and Cas. Ins. Co*., 420 F. Supp. 3d 562, 585 (W.D. Tex. 2019) (finding the discovery rule was unavailable "given the restriction on its use to cases lacking such an outright denial.").

Similarly, this is not the type of case where a defendant has deceitfully concealed wrongdoing from the plaintiff, thus Plaintiff's reliance on the fraudulent concealment doctrine is likewise misplaced.  *See* Dkt. #23 at ¶ 23.  "Although similar in effect to the discovery rule, the fraudulent-concealment doctrine is an affirmative defense to limitations that resembles equitable estoppel."  *Seureau v. ExxonMobil Corp.*, 274 S.W.3d 206, 228 (Tex.App.-Houston [14th Dist.] 2008, no pet.).  The doctrine "estops a defendant from relying on the defense of limitations if the defendant was under a duty to make a disclosure but fraudulently concealed the existence of a cause of action from the party to whom it belongs."  *Id*.  "Fraud vitiates whatever it touches, and a party will not be permitted to avail himself of the protection of a limitations statute when by his own fraud he has prevented the other party from seeking redress within the period of limitations."  *DiGrazia v. Old*, 900 S.W.2d 499, 502 (Tex.App.—Texarkana 1995, no writ). "To prove fraudulent concealment, the plaintiff must demonstrate that the defendant had (1) actual knowledge that a wrong occurred, (2) a duty to disclose the wrong, and (3) a fixed purpose to conceal the wrong."  *Seureau*, 274 S.W.3d at 22.

In this case, there is no evidence from which a jury could infer that Defendant had "actual knowledge" of a "wrong" or had a "fixed purpose" to conceal the damage to Plaintiff's property or the claim denial. *See Exxon Mobil Corp. v. Lazy R Ranch, LP*, 511 S.W.3d 538, 544 (Tex. 2017) (the party asserting this theory has the burden to raise a fact question that the defendant knew the plaintiff was wronged and concealed that fact to deceive the plaintiff). To the contrary, the summary judgment evidence shows that Defendant affirmatively disclosed in the Denial Letter on May 16, 2017 that the alleged property damage was not covered by the Policy and listed the specific reasons for the denial.  *See* Dkt. #25-1 at p. 124.   Further, the record shows that Plaintiff responded to Defendant's Denial Letter via email on August 18, 2017, including Plaintiff's own

"independent assessment" of the property damage.  Dkt. #25-1 at p. 127.  Accordingly, the fraudulent concealment doctrine does not defer accrual of Plaintiff's claims against Defendant.

Plaintiff also fails to meet its burden as to its theories of equitable and promissory estoppel. Dkt. #23 at ¶¶ 23-25; *see Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017) (non-movant bears burden to present evidence raising a fact issue on each element of affirmative defense of equitable estoppel); *"Moore" Burger, Inc. v. Phillips Petrol., Co*., 492 S.W.2d 934, 936-37 (Tex. 1972) (same with regard to promissory estoppel).

The elements of a promissory estoppel claim are: (1) a promise; (2) reliance thereon that was foreseeable to the promisor; and (3) substantial reliance by the promisee to his detriment. *Miller v. Raytheon Aircraft Co*., 229 S.W.3d 358, 378-79 (Tex.App.—Houston [1st Dist.] 2007, no pet.) (citing *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)).  A promise is a declaration that binds the person who makes it to act or refrain from acting in a particular way.  *Traco Inc. v. Arrow Glass Co*., 814 S.W.2d 186, 190 (Tex.App.—San Antonio 1991, writ denied).  Similarly, the elements of equitable estoppel include (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations.  *Schroeder v. Texas Iron Works, Inc*., 813 S.W.2d 483, 489 (Tex. 1991).  Here, Plaintiff attempts to rely on Defendant's denial of Plaintiff's claim as the basis for its promissory and equitable estoppel arguments.  Dkt. #23 at ¶¶ 23-25; Dkt. #29 at ¶ 18. However, Defendant's denial of Plaintiff's claim cannot constitute a "promise" as necessary for promissory estoppel, nor a "false representation of material facts" as necessary for equitable estoppel.  *See Lozada v. Farrall & Blackwell Agency, Inc*., 323 S.W.3d 278, 291 (Tex.

App.—El Paso 2010, no pet.); *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515-16 (Tex. 1998).

For all these reasons, Plaintiff has not shown a material factual dispute regarding the availability of the discovery rule, the fraudulent concealment doctrine, or equitable and promissory estoppel. Viewing the facts in the light most favorable to Plaintiff, Plaintiff simply cannot avail itself of either means to defer the accrual date. Accordingly, Plaintiff's contractual and extracontractual claims against Defendant are untimely and Defendant is entitled to summary judgment.

### D. Plaintiff's "Fraud" Claim Is Also Barred

Plaintiff's Amended Complaint also adds a common law fraud claim against Defendant. *See* Dkt. #23 at ¶ 21. Under Texas law, common law fraud is governed by a four-year statute of limitations. *See* TEX. CIV. PRAC. & REM. CODE § 16.004(a). However, Texas courts have "consistently held that . . . a plaintiff cannot by artful pleading recast a claim in order to avoid the adverse effect of a statute." *In re Kimball Hill Homes Texas, Inc.*, 969 S.W.2d 522, 526 (Tex. App.—Houston [14th Dist.] 1998, no pet.); *see also Walker v. Con Cap Equities, Inc.*, 2002 WL 971797, at *5 (Tex. App.—El Paso May 9, 2002) (not designated for publication) (holding that allegations of fraud and negligent misrepresentation were improper attempts to "recast [plaintiff's] claim 'by artful pleading' to avoid limitations"). For that reason, the "underlying nature of the claim controls," not what a pleader might choose to call it. *In re Kimball Hill*, 969 SW.2d at 526; *see also Martz v. Weyerhaeuser Co.*, 965 S.W.2d 584, 588-89 (Tex. App.—Eastland 1998, no pet.) (affirming summary judgment based on limitations after plaintiff attempted to recast conspiracy, personal injury, and products liability claims as common law fraud); *Hodge v. N. Trust Bank of*

*Tex., N.A.*, 54 S.W. 3d 518, 523 (Tex. App.—Eastland 2001, pet. denied) (holding that plaintiff could not recast his conversion claim as a contract claim to avoid limitations).

Here, it is apparent from a review of Plaintiff's Amended Complaint that Plaintiff has not alleged independent facts supporting a cause of action for "fraud," and has instead only recast its breach of contract and Texas Insurance Code claims as "fraud." *See* Dkt. #23 at ¶ 21. Specifically, Plaintiff's "fraud" claim appears to stem directly from Plaintiff's allegations regarding Defendant's alleged improper denial of coverage. *Id*. Notably, Plaintiff's Amended Complaint contains no specific statements that Plaintiff contends are "misrepresentations" that serve as the basis for its fraud claim, other than to summarily reframe Defendant's decision to deny coverage itself as a "misrepresentation." *See id.*

Accordingly, the court concludes that there is no independent factual basis for Plaintiff's "fraud" claim. Instead, Plaintiff's cause of action based on any alleged "misrepresentations" merely reframes Plaintiff's time-barred contractual and extracontractual claims, and Plaintiff cannot avoid the applicable statute of limitations by recasting those claims under a theory of "fraud." *See Rodriguez v. Safeco Ins. Co. of Ind*., 2019 WL 650437 (W.D. Tex., Jan. 7, 2019). Thus, Defendant is also entitled to summary judgment on Plaintiff's "fraud" claim.

## IV.   RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant AmGuard Insurance Company's Motion for Summary Judgment (Dkt. #25) and enter final summary judgment in favor of Defendant against all of Plaintiff's claims.

The referral to the Magistrate Court should now be canceled.

## V.   OBJECTIONS

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED February 28, 2022.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE